UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AHSAN MOHIUDDIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-11747-JLT |
| | * | |
| RAYTHEON COMPANY, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM

April 29, 2013

TAURO, J.

I.   Introduction

Plaintiff Ahsan Mohiuddin brings this action against Defendant Raytheon Company, his former employer, seeking three weeks severance pay under the Employee Retirement Income Security Act ("ERISA"). Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's Motion to Dismiss [#18] is DENIED.

II.  Factual Background[1]

Plaintiff previously worked for Defendant. On August 11, 2006, Defendant fired Plaintiff. Plaintiff claims that he is entitled to three weeks severance pay under Defendant's severance pay plan ("Plan") in the amount of $5,400 ($1,800 per week). Following Plaintiff's termination, Defendant failed to provide Plaintiff with severance pay.

Defendant did not disclose the Plan to Plaintiff, and Plaintiff did not learn of the Plan, until

---

[1] The following facts are taken from Plaintiff's Complaint [#1].

September 15, 2009.  On June 20, 2012, Plaintiff sent Defendant a letter demanding severance pay.  Defendant still has not provided Plaintiff with severance pay.

Plaintiff filed a complaint in this court on September 14, 2012.  Plaintiff brings claims for severance benefits and equitable relief under ERISA, 29 U.S.C. § 1132(a).

Plaintiff previously filed a lawsuit against Defendant in the United States District Court for the Central District of California ("District of California Suit") on August 11, 2006, the date of his termination.[2]  In that suit, Plaintiff brought claims for discriminatory termination under the Age Discrimination in Employment Act ("ADEA"); violation of 42 U.S.C. § 1981; negligent infliction of emotional distress; and loss of pension, 401k, and health insurance benefits.[3]  The District Court granted summary judgment to Defendant, and the Ninth Circuit affirmed.[4]

III.   Discussion

   A.   Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts "to state a claim for relief that is plausible on its face."[5]  The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[6]  The court need not, however, accept the plaintiff's legal conclusions as true.[7]

---

[2] Def.'s Mem. Supp. Mot. to Dismiss Ex. B [#19-2].

[3] Def.'s Mem. Supp. Mot. to Dismiss Ex. B.

[4] Def.'s Mem. Supp. Mot. to Dismiss Ex. B.

[5] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

[6] Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

[7] Id.

In the context of a Rule 12(b)(6) motion, the court's review is ordinarily limited to the allegations in the complaint and documents incorporated into the complaint.[8] The First Circuit recognizes narrow exceptions to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint."[9]

B.  Defendant's Motion to Dismiss

Defendant moves for dismissal on four grounds: (1) Plaintiff failed to properly plead a breach of fiduciary duty claim, (2) Plaintiff signed a release that bars his present claims, (3) Plaintiff's claims are untimely, and (4) Plaintiff's claims are barred by claim preclusion.

1.  Failure to Plead Breach of Fiduciary Duty

Defendant argues that Plaintiff failed to plead the essential elements of a breach of fiduciary duty claim under 29 U.S.C. § 1109. Plaintiff clarified in his opposition brief that his complaint does not bring a claim for breach of fiduciary duty under § 1109.[10] The court accepts Plaintiff's representation as to the substance of his claims. As a result, the court need not address Defendant's arguments on this ground.

2.  The Release Agreement

Defendant argues that Plaintiff's claims are barred by a release agreement that Plaintiff signed in July 2012. Plaintiff responds that he effectively revoked the release on July 25, 2012,

---

[8] Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (citing cases).

[9] Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).

[10] In his opposition, Plaintiff states: "The fact of the matter is that the complaint is not attempting to advance a separate claim for breach of fiduciary duty pursuant to 29 U.S.C. § 1109 . . . ." Pl.'s Opp'n Mot. to Dismiss 4 [#23] (emphasis in original).

3

and that, alternatively, the release is invalid for a number of reasons.

The court cannot determine the enforceability of the release without a more developed factual record. The complaint contains no allegations regarding any release or revocation. The court cannot properly consider the release agreement and revocation letter at this stage because these documents are not attached to the complaint, referred to in the complaint, or official public records.[11] The court also cannot properly consider the numerous factual assertions contained in the parties' memoranda but absent from the complaint.[12]

In light of the limited information available to the court at this stage, adjudication of the enforceability of the release is more appropriate at summary judgment. Without reaching the merits of Defendant's release argument, Defendant's motion to dismiss is denied on this ground.

### 3.     Statute of Limitations

Defendant argues that Plaintiff's claims are time-barred under the Plan's one-year statute of limitations, or alternatively, under Massachusetts's six year contract statute of limitations. As Defendant concedes in his reply brief that the applicable Plan does not contain a one-year statute

---

[11] Defendant erroneously argues that the court can consider the release agreement because Plaintiff references the release in a footnote of a letter attached to the complaint. Def.'s Mem. Supp. Mot. to Dismiss 10 n.6 [#19]. In the footnote referred to by Defendant, Plaintiff states: "I am willing to sign a general release for a pre-lit [sic] negotiated settlement, if agreeable to you, prior to July 27, 2012." Compl. Ex. A. In this footnote, Plaintiff does not refer to the release agreement at issue in this case but merely expresses a general willingness to sign a release.

[12] For instance, in its memoranda, Defendant asserts that it provided Plaintiff with a check in consideration for the release on August 2, 2012, and that Plaintiff cashed the check. In his memoranda, Plaintiff asserts that he signed the revocation on July 25, 2012 and mailed it to the California Secretary of State with instructions to forward the letter to Defendant; his letter was returned as undeliverable; and on August 6, 2012, he mailed the revocation directly to Defendant. These allegations are not properly before the court as they are not contained in the complaint.

of limitations,[13] the court addresses only Plaintiff's second argument.

ERISA does not provide a statute of limitations for benefits claims under 29 U.S.C. § 1132(a)(1)(B).[14] As a result, absent a shorter limitations period specified in the plan, courts adjudicating such claims "borrow the most closely analogous statute of limitations in the forum state."[15] Because an ERISA benefits claim is most analogous to a breach of contract claim,[16] Massachusetts's six year contract statute of limitations applies.[17]

Federal common law determines the date of accrual.[18] Generally, "[a] cause of action for recovery of benefits under ERISA accrues when an application for benefits is formally denied."[19] Where there has been no formal denial of benefits, several circuit courts have applied the discovery rule, holding that a cause of action accrues when the plaintiff knew, or reasonably should have known, about the injury that forms the basis of the complaint.[20] "Under the discovery

---

[13] Def.'s Reply 7 n.7 [#30].

[14] Santaliz-Rios v. Metro. Life Ins. Co., 693 F.3d 57, 59 (1st Cir. 2012) (citing Island View Residential Treatment Ctr. v. Blue Cross Blue Shield of Mass., Inc., 548 F.3d 24, 27 (1st Cir. 2008)). Contrary to Plaintiff's assertion, the statute of limitations contained in 29 U.S.C. § 1113 does not apply to benefits claims under § 1132. See Salcedo v. John Hancock Mut. Life Ins. Co., 38 F. Supp. 2d 37, 39-40 (D. Mass. 1998).

[15] Santaliz-Rios, 693 F.3d at 59 (citing Island View Residential, 548 F.3d at 27).

[16] Island View Residential, 548 F.3d at 27; Salcedo, 38 F. Supp. 2d at 40.

[17] Mass. Gen. Laws ch. 260, § 2.

[18] Salcedo, 38 F. Supp. 2d at 42 (citing cases).

[19] Id. (citing Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 62 (7th Cir. 1996); Held v. Mfrs. Hanover Leasing Corp., 912 F.2d 1197, 1205 (10th Cir. 1990)); see Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 223-24 (1st Cir. 1996); Laurenzano v. Blue Cross & Blue Shield of Mass., 134 F. Supp. 2d 189, 208 (D. Mass. 2001).

[20] Laurenzano, 134 F. Supp. 2d at 208.

rule, a denial of benefits need not be formal, so long as the denial is clear."[21]

The court is unable to determine when Plaintiff's claims accrued based on the allegations in the complaint. The complaint contains no allegations regarding if and when Plaintiff applied for benefits, and if and when Defendant denied Plaintiff's application. Nor does the complaint contain any indication that Plaintiff should have known of his entitlement to benefits more than six years before filing this suit. Rather, the complaint alleges, and the court must accept as true, that Defendant first disclosed the Plan, and Plaintiff first learned of the Plan, on September 15, 2009. The court cannot find Plaintiff's claims untimely based on the limited information available to it at this time. Accordingly, Defendant's motion to dismiss is denied on this ground.

    4.    Claim Preclusion

Finally, Defendant moves for dismissal on the ground of claim preclusion. Defendant argues that Plaintiff could have and should have brought his present claim for severance benefits in the District of California Suit. Plaintiff responds that he could not have brought his present claim for severance benefits in the District of California Suit because at the time that he filed that complaint he did not know the Plan existed, he was still employed by Defendant, and he had not yet been wrongfully denied severance pay.

Claim preclusion, also known as *res judicata*, precludes parties from litigating or re-

---

[21] Id. at 209 (citing Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 47-49 (2d Cir. 1999); Union Pac. R.R. Co. v. Beckham, 138 F.3d 325, 330-31 (8th Cir. 1998); Daill, 100 F.3d at 65-67); see also Tinley v. Gannett Co., Inc., 55 Fed. App'x 74, 78 (3d Cir. 2003) ("A plaintiff's cause of action accrues upon a clear repudiation that is known, or should be known, to the plaintiff regardless of whether the plaintiff formally applied for benefits.").

litigating claims that were or could have been brought in a prior action.[22]  Claim preclusion, however, "cannot be applied against a plaintiff unless the plaintiff had a full and fair opportunity to litigate all its claims in the original action."[23]  As a result, claim preclusion "will not attach if the claim asserted in the second suit could not have been asserted in the first."[24]

Here, the court does not have sufficient information to determine whether Plaintiff could have brought his present claim for severance benefits in the District of California Suit.  The complaint does not make clear whether the events that form the basis of Plaintiff's benefits claim took place before or after Plaintiff filed the District of California Suit on August 11, 2006.  As previously stated, the complaint contains no allegations as to if and when Plaintiff applied for severance benefits, and if and when Defendant denied Plaintiff's application.  Accordingly, Defendant's motion to dismiss is denied on this ground.

IV.     Conclusion

For the above-stated reasons, Defendant's Motion to Dismiss [#18] is DENIED.


AN ORDER HAS ISSUED.

                                                /s/ Joseph L. Tauro  
                                               United States District Judge

---

[22] Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).

[23] Id. at 39 (citing Allen, 449 U.S. at 90).

[24] Id. at 38 (citing In re Newport Harbor Assocs., 589 F.2d 20, 24 (1st Cir. 1978)); see also Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955); Drake v. FAA, 291 F.3d 59, 66 (D.C.Cir. 2002) ("*Res judicata* does not preclude claims based on facts not yet in existence at the time of the original action."); In re Piper Aircraft Corp., 244 F.3d 1289, 1298 (11th Cir. 2001); Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000).