UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AHSAN MOHIUDDIN,                     )
                                     )
            Plaintiff,               )
                                     )  Civil Action No.
                                     )  12-11747-DPW
        v.                           )
                                     )
RAYTHEON COMPANY,                    )
                                     )
            Defendant.               )
                                     )


**MEMORANDUM  AND  ORDER**
September 30, 2014

In response to the defendant's motion (#77) for summary
judgment in this action, transferred to my docket from that of
Judge Tauro, the defendant submitted a cascade of papers and
requests for additional accommodations.  As a result of the
hearing on the summary judgment motion on January 14, 2014, I
afforded the parties the opportunity to make one further
submission pertinent to the motion and made clear in a January
30, 2014 order that this would complete submissions regarding
the summary judgment motion.  But since then the plaintiff has
filed multiple additional papers and three new motions,
including one as recently as yesterday.  I have carefully
reviewed all of the plaintiff's multiplicity of confused and
confusing submissions (as well as the responsive submissions by
the defendant) and I am satisfied that the motion for summary
judgment should be allowed.

1

The plaintiff's case stumbles at the threshold erected by the principles of claim preclusion. The defendant has filed and received final adverse determinations in federal and state courts of California in which he raised or could have raised the various claims that he seeks to raise in this litigation. The doctrines of *res judicata* and *collateral estoppel* bar a plaintiff from continuing to press on successive courts themes and variations on claims he could have raised in prior litigation.

While it appears that the defendant's several arguments as to the statutes of limitations, the subsequent release and on the merits are well-founded, I need and should go no further than the threshold bar if principles of claim preclusion are not to be disregarded in the face of a dogged pursuit in multiple fora of claims so precluded. I decline to disregard these principles.

The defendant's motion for summary judgment is hereby GRANTED and the plaintiff's later filed motions to amend (#80), to admit additional arguments (#120), to file a cross motion for summary judgment (#122) and to file a second amended complaint (#133) are DENIED as futile.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT